**Ananda PRADITYA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73590.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Seattle, WA, Arnold M. Auerhan, Esq., DOJ–U.S. Department of Justice, Commercial Litigation Frauds, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Ananda Praditya, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We lack jurisdiction to review the discretionary decision that Praditya's asylum application was untimely. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002) (citing 8 U.S.C. § 1158(a)(3)).

We have jurisdiction under 8 U.S.C. § 1252, to review the BIA's dismissal of Praditya's remaining claims. Substantial evidence supports the BIA's findings that Praditya failed to demonstrate that it is more likely than not that he would be subject to persecution if returned to Indonesia, as required to qualify for withholding of removal. *See Al–Harbi v. INS,*

---

242 F.3d 882, 888 (9th Cir.2001). In addition, Praditya is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he would be tortured if returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.